Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE TYLER, JR., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> CARSON SMITHFIELD, LLC, and DOES 1-10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **Class Action Complaint For Violations Of:** <br><br> 1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and <br><br> 2. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq. <br><br> **<u>Jury Trial Demanded</u>** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, CARSON SMITHFIELD, LLC ("Defendant"), in an effort to deceive consumers and debtors by not providing the requisite notices in its collection letters.

2. In particular, Plaintiff, GEORGE TYLER, JR. ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that failed to advise the consumers and debtors that within five (5) days after the initial communication with a consumer in connection with collection of any debt, the debt collector must send them a written notice informing them that, and not limited to, debts will be assumed valid unless disputed within thirty (30) days of the initial communication, and that consumers may demand, and debtor collectors must provide, verification of the debt if consumer requests verification in writing within thirty (30) days of the initial communication in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a)(3) & 1692g(a)(4), respectively.

3. Furthermore, pursuant to Cal. Civ. Code §§ 1812.700(a) & (b), debt collectors subject to the FDCPA communicating with California consumers in

2
**CLASS ACTION COMPLAINT**

connection with the collection of alleged debts must, additionally to the requirements of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.10, include the following disclosure language in their first written communication with California consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

4. Plaintiff alleges that Defendant omitted such disclosure language from all communications with Plaintiff in connection with the alleged debt described herein.

5. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

6. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under both Federal and State laws.

7. Thus, Plaintiff brings class action claims against Defendant, under the Federal FDCPA and the RFDCPA, both of which were enacted to "eliminate abusive

debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); Cal. Civ. Code §1788.1(b), respectively.

## Jurisdiction and Venue

**8.** The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's RFDCPA claim pursuant to 28 U.S.C. §1367(a).

**9.** Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because Defendant does business within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

## The Parties

**10.** Plaintiff is a natural person residing in Los Angeles County, State of California who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering him a "consumer" under the FDCPA, 15 U.S.C. §1692a(3), and a "debtor" under the RFDCPA, Cal. Civ. Code §1788.2(h).

**11.** Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)(6). Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection, thereby qualifying it as a "debt collector," under the RFDCPA, Cal. Civ. Code §1788.2(c).

12. Furthermore, Defendant is a third party debt collector and is not an officer or employee of a creditor attempting to collect a debt on behalf of the same. Therefore, Defendant is not covered by either subsections (A) or (B) of section (6) of § 1692a of the FDCPA.

13. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5), and as "consumer debt(s)," under the RFDCPA, Cal. Civ. Code §1788.2(f).

14. The above named Defendant, its subsidiaries, and its agents are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

**CLASS ACTION COMPLAINT**

15. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

**Factual Allegations**

16. Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated July 11, 2016 (hereinafter, "the letter").

17. The letter was Defendant's initial communication with respect to collection on an alleged debt with Plaintiff.

18. The alleged debt Defendant attempted to collect from Plaintiff is for $1,005.77 originally owed to Merrick Bank Corporation.

19. In the letter, Defendant stated that the letter is communication from a debt collector, that Plaintiff is in default with respect to the debt attempted to be collected on therein, and that "[t]his is an attempt to collect a debt. Any information obtained will be used for that purpose". Defendant also gave

Plaintiff a phone number and times to call Defendant to arrange a payment plan.

20. Nothing else that is material to this action was mentioned in the letter.

21. Defendant did not give any of the notices required of a collector within the first five (5) days of the initial communication.

22. Nowhere in the letter does Defendant provide Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

23. Nowhere in the letter does Defendant provide Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

24. Defendant neither informed Plaintiff that the debt will be assumed valid nor informed Plaintiff that Defendant must verify the debt if Plaintiff disputes it at all. That is, Defendant neither made such disclosures within five (5) days of first contact with Plaintiff in connection with debt collection, nor made such disclosures in any subsequent communication.

25. Defendant failed to include the disclosure language required by Cal. Civ. Code §§ 1812.700(a) & (b) in its letter to Plaintiff.

26. Ultimately, the letter mislead Plaintiff into believing he lacked rights that he in fact had.  Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

## Class Allegations

27. Plaintiff bring this class action on behalf of himself and all others similarly situated ("the Class").

28. Plaintiff represents, and is a member of the following classes:

> a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that the alleged debt will be assumed valid unless disputed within thirty (30) days; and
>
> b. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in writing that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days.

29. Plaintiff brings this class action on behalf of himself and all other California residents similarly situated ("the Sub-Class"):

a. All persons residing in the California, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose in Defendant's first writing the notice requirements of *Cal. Civ. Code* § 1812.700(a).

30. Collectively, the Class and Sub-Class will be referred hereinafter as "the Classes".

31. As a result of Defendant's conduct, Plaintiff and members of the Classes have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Classes into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

32. Defendant and its employees or agents are excluded from the Classes. Plaintiff do not know the number of members in the Classes, but believes the Classes members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Classes and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff

**CLASS ACTION COMPLAINT**

reserve the right to expand the Classes definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

34. The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

35. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

      i. Failed to notify in writing within five (5) days after the initial communication that the debt will be assumed valid unless consumer disputes the debt within thirty (30) days; and

      ii. Failed to notify in writing within five (5) days after the initial communication that Defendant must verify the debt if Plaintiff disputes the debt within thirty (30) days;

  b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant should be enjoined from engaging in such conduct in the future.

36. As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

37. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Sub-Class predominate over questions which may affect individual Sub-Class members, including the following:

  a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

    i. Failed to provide in its first written communication with Plaintiff and Sub-Class members the disclosure language from Cal. Civ. Code § 1812.700(a);

  b. Whether Plaintiff and the Sub-Class members were damaged thereby, and the extent of damages for such violation; and

      c. Whether Defendant should be enjoined from engaging in such conduct in the future.

38. As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Sub-Class. Plaintiff will fairly and adequately represent and protect the interests of the Sub-Class in that Plaintiff have no interests antagonistic to any member of the Sub-Class.

39. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

40. Because of the size of the individual Classes member's claims, few, if any, Classes members could afford to seek legal redress for the wrongs complained of herein.

41. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

42. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

43. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

44. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

45. A debt collector must make the disclosure required by FDCPA, 15 U.S.C. § 1692g(a)(3), which Defendant failed to do.

46. A debt collector must make the disclosure required by FDCPA, 15 U.S.C. § 1692g(a)(4) which Defendant failed to do.

47. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek

statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

**48.** Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

**49.** A debt collector must make the disclosure required by Cal. Civ. Code § 1812.700(a) and must do so in its first writing to consumers in connection with debt collection under Cal. Civ. Code § 1812.700(b) which Defendant failed to do.

50. Furthermore, pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.  The references to federal codes in this section refer to those codes as they read January 1, 2001." Cal. Civ. Code §1788.17.

51. Thus by engaging in conduct prohibited by Sections g(a)(3) and g(a)(4) of the FDCPA, Defendant violated the RFDCPA.

52. As a direct proximate result of Defendant's conduct, Plaintiff and the Sub-Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Sub-Class members the following relief against Defendant:

   a. That this action be certified as a class action on behalf of the Sub-Class and Plaintiff be appointed as the representative of the Sub-Class;

   b. For statutory damages of $1,000.00 for Plaintiff and each member of

   the Sub-Class pursuant to Cal. Civ. Code §1788.30;

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to and hereby does demand a jury trial.

Dated: February 6, 2017

By: /s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff